UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 14-cv-20337-MGC

KERTCH J. CONZE, as Co-Personal
Representative of the Estate of MARVIN
POGNON, deceased,

       Plaintiff,

vs.

THE CITY OF MIAMI BEACH, a
Florida Municipal Corporation, and
OFFICER "JOHN DOE", Individually,

       Defendants.

_____/

**DEFENDANT CITY OF MIAMI BEACH'S
<u>MOTION TO DISMISS THE AMENDED COMPLAINT</u>**

Defendant, CITY OF MIAMI BEACH ("the City"), moves pursuant to Fed. R. Civ. P. 8(a) and 12(b)(6) to dismiss the Amended Complaint (D.E. 1-2) ("AC ___") of Plaintiff KERTCH J. CONZE, as Co-Personal Representative of the Estate of MARVIN POGNON, deceased, ("Plaintiff" or "Conze").   The motion is supported by the accompanying memorandum of law.

**<u>MEMORANDUM OF LAW</u>**

**I.**     **Introduction.**

Plaintiff asserts two claims against the City; both fail as a matter of law:

Count I for Assault and Battery pursuant to Florida's Wrongful Death Act fails because the suit violates the Act's single suit rule.

Count II for Failure to Adequately Investigate and Punish Excessive and Deadly Force fails because the Eleventh Circuit does not recognize a cause of action for inadequate investigation and, even if it did, Plaintiff has not alleged facts that would support that claim.

Count II must also be dismissed based upon the same arguments that defeat Count I.

## II.    Governing Legal Principles for Motions to Dismiss.

As recently clarified by the United States Supreme Court in *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 550 (2007), and as interpreted by the Eleventh Circuit in *Randall v. Scott,* 610 F.3d 701, 707 n.2 (11th Cir. 2010), Federal Rules of Civil Procedure 12(b)(6) and 8(a)(2) require that Plaintiff's claims have "facial plausibility."[1]  A claim has "facial plausibility when the plaintiff pleads **factual content** that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949 [emphasis added].

To determine whether a complaint has "nudged its claims across the line from conceivable to plausible," the Court must analyze a complaint in two ways:

First, the Court should identify **legal conclusions and other bare allegations representing the formulaic recitation of the elements of a claim which are not entitled to the assumption of truth**. *Iqbal*, 129 S. Ct. at 1949-1950.  This is because

---

[1] As the Eleventh Circuit has explained, "[w]e understand *Twombly* as a further articulation of the standard by which to evaluate the sufficiency of all claims brought pursuant to Rule 8(a)." *Davis v. Coca-Cola Bottling Co. Consol.,* 516 F.3d 955, 974 n.43 (11th Cir. 2008).

"the tenet that a court must accept as true all allegations contained in a complaint is inapplicable to legal conclusions." *Id.* at 1950.

Second, the Court should consider the **remaining non-conclusory factual allegations to determine if they plausibly suggest an entitlement to relief**. *Id.* Non-conclusory factual allegations must be more than "consistent" with the idea of purposeful conduct; they must constitute a plausible explanation for the wrong alleged:

> Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. **But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not "show[n]"-"that the pleader is entitled to relief**."

*Id.* (citations omitted); (emphasis added). In such situations, dismissal is appropriate.

### III.   This Lawsuit Violates the Single Suit Rule.

#### A.   PROCEDURAL HISTORY.

On May 15, 2012, Jean Cothel Pognon (decedent's father) and Kertch J. Conze, Esq. (counsel for decedent's mother) were appointed co-representatives of the Estate of Marvin Pognon by Miami-Dade County Circuit Court Judge Charles M. Greene in Probate Case No. PR-C-120000333. *See* Docket Sheet, attached as Exhibit A.

Co-representative Jean Cothel Pognon independently filed on November 7, 2013 the first lawsuit arising out of the death of Marvin Pognon in Miami-Dade County Circuit Court, stating one count against the City of assault and battery under Florida's Wrongful Death Act (§§ 768.16-768.26, Fla. Stat.). This lawsuit was assigned Miami-Dade County Circuit Court Case No. 13-035037-CA-08. *See* Complaint, attached as Exhibit B; Docket Sheet, attached as Exhibit C. This complaint was never served on the City. *See id.*

On December 10, 2014, Jean Cothel Pognon filed an amended complaint setting forth one count against the City of assault and battery under Florida's Wrongful Death Act and a second count against the City for excessive force under § 1983. *See* Amended Complaint, attached as Exhibit D; *see also* Exhibit C.

Jean Cothel Pognon served his amended complaint on the City on December 18, 2013. This amended complaint was the first pleading served upon the City arising out of the death of Marvin Pognon. *See* Summons, attached as Exhibit E; *see also* Exhibit C.

Plaintiff Kertch Conze independently filed his original Complaint in this matter in Miami-Dade County Circuit Court, Case No. 13-039534-CA-09, on December 26, 2013, alleging that he sued as the co-personal representative of the Estate of Marvin Pognon. *See* Complaint, attached as Exhibit F; Docket Sheet, attached as Exhibit G.

Conze served the City with his original Complaint upon the City on December 30, 2012. *See* Summons, attached as Exhibit H. Mr. Conze's original Complaint set forth two counts against the City: Count One for assault and battery under Florida's Wrongful Death Act and Count Two for excessive force under 42 U.S.C. § 1983. *See* Exhibit F.

On the same date of December 30, 2013, Conze filed an Amended Complaint setting forth four counts: Count I against the City for assault and battery under Florida's Wrongful Death Act; Count II for excessive force under § 1983; Count III against Defendant John Doe for excessive force under the Fourth Amendment to the U.S. Constitution and § 1983; and Count IV for battery against defendant John Doe. *See* Amended Complaint, attached as Exhibit I; *see also* Exhibit G.

This Amended Complaint was served upon the City via e-mail on January 21, 2014. *See* E-mail, attached as Exhibit J.

On January 17, 2014, the City removed *Jean Cothel Pognon, as Co-Personal Representative of the Estate of Marvin Pognon v. City of Miami Beach, Florida*, Case No. 13-035037-CA-08 to federal court where it was assigned to this Court under Case No. 14-cv-20191-MGC. *See* Notice of Removal (D.E. 1), attached as Exhibit K.

On January 28, 2014, the City removed *Kertch J. Conze, as Co-Personal Representative of the Estate of Marvin Pognon v. City of Miami Beach, Florida*, Case No. 13-039534-CA-09 to federal court where it was assigned to this Court under Case No. Co-14-cv-20337-MGC. *See* Notice of Removal (D.E. 1), attached as Exhibit L.

**B.     Second Suit Must Be Dismissed.**

In *Wagner, Vaughan, McLaughlin & Brennan, P.A. v. Kennedy Law Group*, 64 So. 3d 1187, 1191 (Fla. 2011), the Florida Supreme Court restated the well-established rule that only one wrongful death lawsuit may be brought by the personal representative of the decedent's estate:

> The Florida Wrongful Death Act (the Act), which encompasses sections 768.16 to 768.26 of the Florida Statutes, eliminates the multiplicity of suits that resulted from each survivor bringing an independent action and avoids survivors racing to get the first judgment. *See In re Estate of Catapane,* 759 So. 2d 9, 11 (Fla. 4th DCA 2000). By statute, the personal representative is the only party with standing to bring a wrongful death action to recover damages for the benefit of the decedent's survivors and the estate. Fla. Stat. § 768.20; *see also Wiggins v. Estate of Wright,* 850 So. 2d 444, 446 (Fla.2003). The survivors may not bring separate legal actions and are required to participate in the single legal action filed by the estate. *Wiggins,* 850 So. 2d at 446.

Fla. Stat. § 733.615 provides that, in the case of multiple personal representatives, they must act in concert if their actions are to be valid:

> Joint personal representatives; when joint action required

> (1) If two or more persons are appointed joint personal representatives, and unless the will provides otherwise, the concurrence of . . . a majority

5

of joint personal representatives appointed pursuant to a will or codicil executed on or after October 1, 1987, or appointed to administer an intestate estate of a decedent dying on or after October 1, 1987, is required on all acts connected with the administration and distribution of the estate.

Joint personal representatives "must act in concert, and have no authority to act independently, regardless of the circumstances." *Messina v. Scionti*, 406 So. 2d 529, 532 (Fla. 2d DCA 1981) (construing an earlier version of section 733.615(1)). The requirement that joint personal representatives act in concert extends to the employment of counsel. *Rand v. Giller*, 489 So. 2d 796, 797 n.4 (Fla. 3d DCA 1986). It also applies to the initiation of legal proceedings. *Pearce v. Foster*, 454 So. 2d 721 (Fla. 4th DCA 1984) (declining to reach the merits of appeal filed by one of two co-personal representatives). *See also Costello v. Davis*, 890 So. 2d 1179, 1183 (Fla. 2d DCA 2004).

Florida law governing wrongful death claims governs both claims brought under state law (Count I) and under § 1983 (Count II). *Degraw v. Gualtieri*, 8:11-CV-720-EAK-MAP, 2013 WL 3462332, *6 (M.D. Fla. July 9, 2013); *Breedlove v. Orange County Sheriff's Office*, 6:11–cb–2027–Orl–31, 2012 WL 2389765, *3-4 (M.D. Fla. June 25, 2012).

Here, the two co-representatives of Marvin Pognon's estate filed and served separate lawsuits asserting different causes of action against different defendants in violation of these rules of law. First, co-representative Jean Cothel Pognon (the decedent's father) independently filed on November 7, 2013 the first lawsuit arising out of the death of Marvin Pognon stating one count against the City of assault and battery under Florida's Wrongful Death Act. On December 10, 2014, Jean Cothel Pognon filed an amended complaint setting forth one count against the City of assault and battery under Florida's Wrongful Death Act and a second count against the City for excessive

force under § 1983.  Jean Cothel Pognon served his amended complaint on the City on December 18, 2013.  This amended complaint was the first pleading served upon the City arising out of the death of Marvin Pognon.

Plaintiff Kertch Conze independently filed his original Complaint in this matter on December 26, 2013, alleging that he sued as the co-personal representative of the estate of Marvin Pognon.  Conze served the City with this Complaint on December 30, 2012.   Mr. Conze's original Complaint set forth two counts against the City: count one for assault and battery under Florida's Wrongful Death Act and count two for excessive force under § 1983.   On the same date of December 30, 2013, Conze filed an Amended Complaint setting forth four counts: count one against the City for assault and battery under Florida's Wrongful Death Act; count two for excessive force under § 1983; count three against defendant John Doe for excessive force under the Fourth Amendment to the U.S. Constitution and § 1983; and count four for battery against defendant John Doe. This Amended Complaint was served upon the City via e-mail on January 21, 2014.

As set forth above, only one wrongful death lawsuit is permitted under Florida law. Furthermore, joint personal representatives "must act in concert, and have no authority to act independently, regardless of the circumstances." *Messina*, 406 So. 2d at 532. This requirement extends to the employment of counsel and the initiation of legal proceedings.  *Rand*, 489 So. 2d at n.4; *Pearce*, 454 So. 2d at 721.   Therefore, Mr. Conze's independent and subsequently filed second wrongful death claim should be dismissed.  Because the court looks to Florida's wrongful death statutes in order to adjudicate the right of action in a § 1983 claim alleging that the putatively unconstitutional act of an officer caused the death of Marvin Pognon, Conze's § 1983

claim against the City must also be dismissed.  *Degraw*, 2013 WL 3462332, at *6; *Breedlove v. Orange County Sheriff's Office*, 2012 WL 2389765 at *3-4.

**IV.     Regardless, § 1983 Claim Against the City Must Be Dismissed.**

    **A.     ALLEGED FACTS REGARDING DECEMBER 30, 2011 SHOOTING.**

Plaintiff alleges that on December 30, 2011, at approximately 4:40 A.M., decedent Marvin Pognon was a patron at Med Pizza located at 1240 Washington Avenue, Miami Beach, Florida.  AC ¶ 9.  On that date and time, a melee broke out at or near the exterior of the pizza shop and Miami Beach police officers responded to the scene.  AC ¶ 10.  After the melee had ended, a Miami Beach Police Officer (only identified for now as "John Doe") approached the decedent, whom he or she mistakenly believed to be armed, and shot and killed him.  AC ¶ 11.

    **B.     ALLEGED FACTS REGARDING INADEQUATE INVESTIGATIONS.**

The Complaint also alleges a 42 U.S.C. § 1983 municipal liability claim pursuant to *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978) against the City of Miami Beach for failing to investigate and punish generalized excessive force complaints from 2005-2009 (the "*Monell* claim").  In support of his *Monell* claim, Plaintiff cites fourteen different incidents of alleged instances of excessive force by Miami Beach police officers, which Plaintiffs claim were not properly investigated by the City.  The fourteen alleged instances of excessive force appear at ¶ 22 of the Amended Complaint.  Virtually none of the alleged prior investigations bear any factual similarity to the alleged facts surrounding the shooting of Marvin Pognon.  For example, a few of

the allegedly inadequate investigations not related to the use of deadly force are as follows:

22 b)   MBPD Case Number 08-49 Officer Vasilevich punched a subject in the face but his actions were not labeled excessive force by the IA investigator.

22 c)   MBPD Case number 08-26- Officers Ferbeyre and Latorre used a taser four (4) times on a subject who passively resisted arrest. They were not disciplined.

22 i)   MBPD Case Number 2005-004 Damian Osorio was being transported to jail   by Officer Armatrading, who tased him four times as an intimidation technique. Although this officer was disciplined for failing to render aid after the tasing, he was not disciplined for the tasing itself.

The only factual allegations regarding the use of deadly force are as follows:

22 m)   In June 2009, Hussein Shehada, unarmed, was shot and killed by Officer Adam Tavss. Four (4) days later, Officer Tavss shot and killed an unarmed Lawrence McCoy, Jr.

22 n)   On May 30, 2011, seven (7) months before the POGNON shooting, Raymond Herisse was shot to address their deadly force policy or review their excessive force history sixteen (16) times and killed by Miami Beach Police. No affirmative action was taken by Miami Beach.

### C.   Pleading Standard for § 1983 Claim Against the City.

While there are no heightened pleading requirements for claims asserted pursuant to 42 U.S.C. § 1983, *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 167-68 (1993), the "absence of a heightened pleading requirement does not mean that a plaintiff may simply put forth vague and conclusory allegations alleging the existence of an official policy." *Moore v. Miami-Dade County*, No. 06-22705, 2007 WL 4644629, at *3 (S.D. Fla. Dec. 10. 2007) (Gold, J.) (quoting *Perez v. Metro. Dade County*, No. 07-20168, 2006 WL 4056997, at *2 (S.D. Fla. Apr. 28, 2006) (Moreno, J.); *see also Grier v. State of Florida*, No. 04-914J2, 2005 WL 1073932,

at *3 (M.D. Fla. Apr. 18, 2005) (dismissing § 1983 claim where plaintiff failed to allege "any specific policy or custom of the city that led to the alleged violation"). Indeed, because a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555, "more than labels and conclusions" are required.

> **D.      Count II (§ 1983 Against the City) Should Be Dismissed Because the Facts Alleged Do Not Support A Claim of Deliberate Indifference to Unjustified Shootings By Miami Beach Police.**

Even if the Court does not dismiss Conze's Amended Complaint in its entirety for violating Florida's single lawsuit rule, the Court should dismiss his § 1983 claim against the City because he has not alleged a plausible claim of deliberate indifference to a widespread pattern of prior unjustified shootings.

It is well-settled that a municipality cannot be sued under a theory of *respondeat superior* for the injuries caused by its employees. *Monell v. Dep't of Social Servs. of City of New York*, 436 U.S. 658 (1978). "A city may only be held liable under 42 U.S.C. § 1983 when the injury caused was a result of a municipal policy or custom." *Lewis v. City of West Palm Beach*, 561 F.3d 1288, 1293 (11th Cir. 2009), *citing City of Canton v. Harris*, 489 U.S. 378, 385 (1989).

The requirements of *Monell* cannot be satisfied simply by showing that a policy for which the city is responsible was flawed or inadequate. Rather, the policy must also represent "'a deliberate choice to follow a course of action . . . made from among various alternatives' by city policy makers." *City of Canton, Ohio v. Harris*, 489 U.S. 378, 391, 109 S. Ct. 1197, 1205, 103 L. Ed. 2d 412 (1988) (*quoting Pembaur v. City of Cincinnati*, 475 U.S. 469, 483-84, 106 S. Ct. 1292, 1300, 89 L. Ed. 2d 452 (1986)). This means that

when, as in *Harris* and this case, the plaintiff challenges a city's policy regarding investigation and punishment of alleged officer misconduct, he must demonstrate that it "amount[ed] to deliberate indifference to the rights of persons with whom the police come into contact." *Harris*, 489 U.S. at 388.

As the court stated in *Brown v. City of Elba*, 754 F. Supp. 1551, 1557-58 (M.D. Ala. 1990):

> To prove deliberate indifference, a plaintiff must at least demonstrate that there existed "a strong likelihood, rather than a mere possibility," that an inadequate policy or training program would result in a constitutional violation. *Popham v. City of Talladega,* 908 F.2d 1561, 1563 (11th Cir. 1990) (per curiam). *See Harris,* 489 U.S. at 389, 109 S. Ct. at 1205. The plaintiff must also show that city policy makers were aware or should have been aware of the need for different policy or training. *Id.* at 390 n.10, 109 S. Ct. at 1205 n.10. *See also Popham*, 908 F.2d at 1563. Thus city officials may be found deliberately indifferent where (1) a policy is, on its face, clearly inadequate and likely to give rise to constitutional violations-for example, a failure to "train officers in the constitutional limits on the use of deadly force;"or (2), while not plainly deficient, a city policy has in the past so often led to violations of constitutional rights similar to those claimed by the plaintiff that "the need for further training must have been plainly obvious to the city policy makers." *Harris,* 489 U.S. at 390 n.10, 109 S. Ct. at 1205 n.10.

### *Failure to Investigate and Punish Misconduct*

Plaintiff attempts to attach municipal liability pursuant to § 1983 on the theory that the City has conducted, he claims, inadequate investigations of other officers' alleged misconduct in 15 unrelated cases from 2004-2009.

This theory fails because "inadequate" investigation of unrelated and totally dissimilar incidents is not actionable pursuant to § 1983 in the Eleventh Circuit.

In the Eleventh Circuit, there is no cause of action against a municipality under § 1983 for a pattern or practice of conducting allegedly "inadequate" investigations. *Borton v. City of Dothan*, 734 F. Supp. 2d 1237, 1254 (M.D. Ala. 2010). While the

Eleventh Circuit has recognized a cause of action under § 1983 for a municipality's <u>total failure to investigate</u> claims of misconduct, it has never recognized a § 1983 cause of action for a pattern of conducting allegedly "<u>inadequate</u>" investigations.  *Id*.  The *Borton* Court, discussing *Gold v. City of Miami,* 151 F.3d 1346, 1353 (11th Cir. 1998) and *Vineyard,* 990 F.2d at 1212-13), stated:

> The Eleventh Circuit has found facts supporting § 1983 municipal liability where there was a *total failure* of a law enforcement agency to investigate citizens' complaints of police brutality. *See Vineyard,* 990 F.2d at 1212-13; *see also Gold v. City of Miami,* 151 F.3d 1346, 1353 (11th Cir. 1998) (discussing *Vineyard*). Ms. Borton cites *Gold,* but she does not cite any decision, much less a binding one, that addresses § 1983 liability based upon inadequate investigations of complaints of police misconduct as opposed to nonexistent investigations.

*Borton,* 734 F. Supp. 2d at 1254 (emphasis in original).

Moreover, only the total failure to investigate <u>similar</u> prior claims creates an actionable pattern supporting § 1983 municipal liability.  *Gold,* 151 F.3d at 1353 ("[B]ecause [the plaintiff arrested <u>for disorderly conduct</u>] presented no evidence of a prior false arrest <u>for disorderly conduct</u> or even a valid complaint of such false arrest, there is no showing that the City's procedures for handling false arrest complaints affected the officers' conduct here.") (emphasis added).   The recent order of Hon. Adalberto Jordan on a motion to dismiss is on point here:

> "[W]ithout notice of a need to train or supervise in a *particular* area, a municipality is not liable as a matter of law for any failure to train and supervise." *Gold,* 151 F.3d at 1350 (emphasis added). Thus, Mr. Gomez must allege that Miami Beach's training failed in the particular area from which his § 1983 action arises—namely, failure to train officers not to attack and detain bystanders without cause. And Mr. Gomez must allege more than "labels and conclusions" and allege factual allegations possessing "enough heft" to set forth "a plausible entitlement to relief." *See Fin. Sec.,* 500 F.3d at 1282. When combined, these principles demand that Mr. Gomez prove enough factual allegations showing that Miami Beach had notice of the particular type of violation that Mr. Gomez

suffered. Mr. Gomez cannot rely on the conclusory allegation that Miami Beach knew of "general" police misconduct, which is what he attempts to do. Accordingly, Mr. Gomez has failed to meet the pleading standard under Federal Rule of Civil Procedure 12(b)(6).

*Gomez v. Lozano*, 759 F. Supp. 2d 1335, 1339 (S.D. Fla. 2011).

Plaintiff alleges in his Complaint that the City had a "defacto/unofficial policy tolerating the use of excessive and deadly *force*, a violation[] of civilian's Fourth Amendment Rights to be free from unreasonable search and seizure." "The unofficial/defactopolicy/custom of the City tolerating the use of excessive and deadly force by failing to discipline its officers who use excessive force and failing to adequately investigate complaints of excessive and deadly force is supported by" reference to the list of fourteen previous internal affairs investigations. AC ¶¶ 20, 22.

The alleged prior investigations do not, however, support an actionable claim of deliberate indifference to the need to investigate and punish unjustified use of deadly force pursuant to § 1983.

Almost none of the alleged prior investigations bear any similarity whatsoever to Plaintiffs' claim here that a Miami Beach police officer shot the Plaintiff after mistakenly concluding that he was holding a gun (AC ¶ 11); the catalogued incidents include almost exclusively cases of investigations of generalized use of excessive force. AC ¶ 22. Only two of these alleged incidents allege the failure to investigate and punish an unjustified police shooting. *Id*. ¶¶ 22 (m) & (n). Furthermore, Plaintiff does not allege that a single one of the alleged incidents underlying any one of the supposed inadequate investigations was substantiated by anyone. *Id*. Plaintiff's failure to allege prior cases that are similar to the instant case is – standing alone – fatal to their claims of condoning excessive force based on inadequate investigation pursuant to § 1983.

13

Independently, almost every listed incident involves an allegation that the IA Unit <u>inadequately</u> investigated or <u>inadequately</u> punished a police officer for alleged misconduct. AC ¶¶ 22(a)-(n). In each of these incidents, Plaintiff does not complain that the City did not investigate the allegation of misconduct; indeed he admits that the claims were investigated and punishment was meted out in at least one case. AC ¶ 22(i). He attempts, instead, to state a cause of action based on the City's alleged failure to investigate these claims <u>thoroughly enough</u>. Municipal liability pursuant to § 1983 based on an alleged pattern of inadequate investigation has not been recognized in the Eleventh Circuit, and has, in fact, been rejected. *Borton,* 734 F. Supp. 2d at 1254 (discussing *Gold v. City of Miami,* 151 F.3d 1346, 1353 (11th Cir. 1998) and *Vineyard,* 990 F.2d at 1212-13). Research has similarly revealed no Eleventh Circuit case that would establish a § 1983 cause of action based upon a pattern of <u>insufficient</u> punishment for officer misconduct.

Plaintiff has not adequately pled a cause of action based upon failing to investigate or condoning unjustified shootings pursuant to § 1983. Therefore, Count II should be dismissed.

### <u>*Officers Are Subject to Penalties of Perjury During Internal Affairs Investigations*</u>

Plaintiff has pleaded § 1983 liability against the City on the additional ground that "Police Officers are not subject to penalties of perjury during IA investigations as opposed to civilian complainants." AC ¶ 22(o). Miami Beach Police Department internal affairs investigations are governed by Florida Statute. Fla. Stat. § 112.533(2)(a) provides that all subject officers' statements to internal affairs investigators shall be given under oath and subject to criminal charges for perjury:

> All statements, regardless of form, provided by a law enforcement officer or correctional officer during the course of a complaint investigation of that officer **shall be made under oath** pursuant to s. 92.525. Knowingly false statements given by a law enforcement officer or correctional officer under investigation may subject the law enforcement officer or correctional officer to **prosecution for perjury**.

*Id*.

Plaintiff's conclusory allegation that subject-officers are not subject to penalties of perjury during internal affairs investigations is flatly refuted by Florida statute and, therefore, does not support a claim for liability against the City pursuant to § 1983.

### *Plaintiff's Remaining § 1983 Allegations Are Not Entitled to Presumption of Truth*

Finally, Plaintiff alleges that "the City has failed to establish a civilian investigative panel with subpoena power" and "[n]o Miami Beach officer has been terminated for the use of unjustified deadly force in the ten years prior to the Pognon shooting." AC ¶¶ 22(p)&(q).  The Supreme Court has made clear, however, that:

> where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not "show[n]"-"that the pleader is entitled to relief."

*Iqbal*, 129 S. Ct. at 1950.

Here, the remaining factual allegations do not show that Plaintiff is entitled to relief against the City under § 1983 any more than the other § 1983 allegations. Plaintiff's allegations are not accompanied by any factual allegations to support an inference that the City needs a civilian investigative panel with subpoena power due to a failure to investigate deadly force cases.  Similarly, Plaintiff has not alleged facts that would support an inference that the City should terminate the employment of officers who use deadly force in the course of their duties.   In fact, Plaintiff's <u>only</u> factual allegations regarding prior incidents of deadly force in Miami Beach state only that one

officer shot and killed two unarmed people within four days of each other and that Miami Beach officers shot and killed another person in 2011.   Plaintiff does not allege that these incidents were not investigated.   Plaintiff does not allege that anyone has ever substantiated any claim that officers used excessive force in any of these cases.   Merely alleging that three people were shot by Miami Beach Police Department does not state a plausible claim that the City was deliberately indifferent to unjustified police shootings. For all of these reasons, Count II should be dismissed.

<u>**CONCLUSION**</u>

For the foregoing reasons, the amended complaint should be dismissed.

JOSE SMITH, CITY ATTORNEY

CITY OF MIAMI BEACH
1700 CONVENTION CENTER DRIVE
4TH FLOOR-LEGAL DEPARTMENT
MIAMI BEACH, FLORIDA 33139
TELEPHONE: (305) 673-7470
FACSIMILE:   (305) 673-7002
robertrosenwald@miamibeachfl.gov

BY:     _s/Robert F. Rosenwald_____
ROBERT F. ROSENWALD
SR. ASSISTANT CITY ATTORNEY
FL BAR NO. 0190039

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that on this 3rd day of February, 2014, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

s/Robert Rosenwald_____
ROBERT F. ROSENWALD, JR.

## **SERVICE LIST**

*Conze. v. City of Miami Beach*
*Case No. 14-cv-20337-MGC*

Kertch J. Conze, Esq.
Law Offices of Kertch Conze, P.A.
Suite 402
3600 Red Road
Miramar, FL 33025
954-342-9044
Fax: 954-342-9108
Email: conzelaw@aol.com

Counsel for Plaintiff

*VIA: CM-ECF*