UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 14-cv-20337-MGC

KERTCH J. CONZE, as Co-Personal
Representative of the Estate of MARVIN
POGNON, deceased,

    Plaintiff,

vs.

THE CITY OF MIAMI BEACH, a
Florida Municipal Corporation, and
OFFICER "JOHN DOE", Individually,

    Defendants.
_____/

## REPLY IN SUPPORT OF DEFENDANT CITY OF MIAMI BEACH'S MOTION TO DISMISS THE AMENDED COMPLAINT

Defendant, CITY OF MIAMI BEACH ("the City"), replies in support of its motion to dismiss Plaintiff's Amended Complaint ("AC ___").

**I.    Introduction.**

The City moved to dismiss both of Plaintiff's claims against the City[1] on the ground that they both violate Florida's single suit rule for claims based upon the alleged wrongful death of Marvin Pognon. Plaintiff has not responded in any way to this argument, so the argument is deemed admitted. *See Hudson v. Norfolk S. Ry. Co.*, 209 F. Supp. 2d 1301, 1324 (N.D. Ga. 2001).

The City also moved to dismiss Plaintiff's claim of inadequate internal affairs investigations pursuant to 42 U.S.C. § 1983 on the grounds that a cause of action for

---

[1] The claims against the City are Count I (Florida Wrongful Death Act – Excessive Force) and Count II (Inadequate Investigation pursuant to 42 U.S.C § 1983).

inadequate investigations is not recognized in the Eleventh Circuit and that, even if it was, Plaintiff has not pleaded facts to support that claim.

Plaintiff does not address in any fashion the City's authority setting forth that a cause of action under 42 U.S.C. § 1983 based upon inadequate internal affairs investigations is not recognized in the Eleventh Circuit. Therefore, this argument is also deemed admitted. *Id.*

Plaintiff also cites the wrong pleading standard for § 1983 claims against a municipality. While there is no special pleading requirement for § 1983 claims, Supreme Court and Eleventh Circuit precedent raised the pleading bar for all civil complaints and established that the quantity of factual allegations is irrelevant if the quality of the allegations do not support a plausible claim for relief. *Bell Atlantic v. Twombly*, 550 U.S. 544, 555-70 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949–50 (2009); *Randall v. Scott*, 610 F.3d 701, 709 (11th Cir.2010)( "[T]he legal conclusions in a complaint must be supported by factual allegations, and that only a complaint which states a plausible claim for relief shall survive a motion to dismiss.").

Plaintiff further argues that "there is absolutely no requirement that each specific incident be 'similar' to establish a custom." Resp. p. 7. Plaintiff is, again, simply wrong. A long line of Eleventh Circuit authority establishes that prior incidents must involve facts substantially similar to those in the underlying claim in order to be relevant to a deliberate-indifference analysis. *See e.g., Mercado v. City of Orlando,* 407 F.3d 1152, 1162 (11th Cir. 2005).

Finally, Plaintiff cites authority that does not support his argument that his Amended Complaint otherwise states a claim of deliberate indifference under § 1983.

## II.     Plaintiff Inaccurately Identifies the Pleading Standard for § 1983 Complaint.

Plaintiff cites *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168 (1993), for the proposition that there is no heightened pleading requirement for § 1983 claims against a municipality.  Plaintiff cites language that he contends allows him to escape a motion to dismiss: "[t]he *Leatherman* Court instructed federal courts to use the mechanisms of <u>summary judgment and discovery</u> to 'weed out unmeritorious claims…'." Resp. p. 4 (emphasis in original).  Plaintiff ignores the *Twombly* Court's holding that directly contradicts the earlier quoted language from *Leatherman*:

> It is no answer to say that a claim just shy of a plausible entitlement to relief can, if groundless, be weeded out early in the discovery process through "careful case management," *post*, at 1975, given the common lament that the success of judicial supervision in checking discovery abuse has been on the modest side. See, *e.g*., Easterbrook, Discovery as Abuse, 69 B.U.L.Rev. 635, 638 (1989) ("Judges can do little about impositional discovery when parties control the legal claims to be presented and conduct the discovery themselves"). And it is self-evident that the problem of discovery abuse cannot be solved by "careful scrutiny of evidence at the summary judgment stage…

*Twombly*, 550 U.S. at 559.

Plaintiff similarly ignores the *Leatherman* Court's admonishment that the "absence of a heightened pleading requirement does not mean that a plaintiff may simply put forth vague and conclusory allegations alleging the existence of an official policy." *Id*. at 167-68.  Furthermore, Plaintiff's argument requires an inaccurate inferential leap -- that because there is no heightened pleading standard for § 1983 claims against a municipality -- he is not subject to the more rigorous pleading standard set forth for all federal court litigation in *Iqbal* and *Twombly*.  The opposite is, however, true.  The Eleventh Circuit has made clear that "[w]e understand *Twombly* as a further articulation

3

of the standard by which to evaluate the sufficiency of <u>all</u> claims brought pursuant to Rule 8(a)." *Davis v. Coca-Cola Bottling Co. Consol.,* 516 F.3d 955, 974 n.43 (11th Cir. 2008)(emphasis added). Because all claims are now subject to the more rigorous pleading standard for federal court claims, *Leatherman* does not excuse Plaintiff's failure to plead a § 1983 claim for failure to investigate prior cases of negligent use of deadly force that is plausible on its face.

Plaintiff also incorrectly attaches significance to the volume of his allegations of prior incidents. ("This specific policy is then supported by **2½ pages** of factual allegations.")(Emphasis in original). Resp. at 3. Controlling precedent establishes, however, that the quantity of allegations is irrelevant: the quality of facts alleged provides the material upon which the Court may properly base its analysis. *Brooks v. Sch*eib, 813 F.2d 1191, 1193 (11th Cir.1987) ("[T]he number of complaints bears no relation to their validity.").

This proposition is illustrated well by reference to the factual allegations in the complaint that the Supreme Court found to be lacking in *Twombly*. There, the operative amended complaint contained fifteen pages of detailed factual allegations. *See* Consolidated Amended Class Action Complaint, ¶¶ 17-52 (attached as Exhibit A). The Supreme Court, applying a new and more rigorous pleading standard, held that the amended complaint was properly dismissed under Fed. R. Civ. P. 8(a) and 12(b)(6) because the many facts alleged (if proven) would establish only that the defendants had acted in a way that was detrimental to the Plaintiffs -- not that the Defendants had acted unlawfully. *Id*.

4

Here, Plaintiff's allegation of 2½ pages of putative facts regarding prior internal affairs investigations misses the point. Like the *Twombly* plaintiffs, if Pognon applied the correct pleading standard, he would be forced to admit that cutting-and-pasting a list of dissimilar prior incidents does not state a cause of action here.

### III.  Plaintiff Inaccurately Identifies the Elements Governing His § 1983 Claim.

Plaintiff argues that caselaw supports his contention that the bald allegation of 15 prior factually dissimilar internal affairs investigations ending with no finding of officer wrongdoing states a cause of action for deliberate indifference liability under § 1983. Plaintiff is wrong. Decisional authority rejects his arguments on identical facts and the other cases he relies upon do not support his position.

The U.S. Supreme Court recently reaffirmed that allegation of prior incidents must be similar in order to state a cognizable claim against a municipality under § 1983: "A pattern of similar constitutional violations by untrained employees is 'ordinarily necessary' to demonstrate deliberate indifference for purposes of failure to train." *Connick v. Thompson*, 131 S. Ct. 1350, 1360 (2011)(citations omitted)(emphasis added).

The Eleventh Circuit has uniformly held that allegation of prior incidents must involve facts substantially similar to those at hand in order to be relevant to a deliberate-indifference claim. *See Mercado v. City of Orlando,* 407 F.3d 1152, 1162 (11th Cir.2005) ("[Plaintiff] was given a list of all cases involving excessive force, but he cannot show that any of them involved factual situations that are substantially similar to the case at hand.")(emphasis added); *Gold v. City of Miami*, 151 F.3d 1346, 1351 (11th Cir. 1998)("Gold presented no evidence of a single prior incident in which a City police officer caused an injury by excessive force in handcuffing.").

This Court has recently granted a motion to dismiss a § 1983 claim against the City of Miami based upon the plaintiff's failure to please prior similar incidents:

> Absent proof that the City of Miami was aware of a prior incident in which constitutional rights were <u>similarly</u> violated, Perez's 1983 claim against the City of Miami fails as a matter of law.

*Perez v. City of Miami*, 10-21179-CIV, 2011 WL 772858 *4 (S.D. Fla. 2011)(Cooke, J.)(emphasis added).

In *Shehada v. Tavss*, ___ F. Supp. 2d. ___, 2013 WL 4714049 *13 (S.D. Fla. 2013), the Hon. Joan Lenard of this Court addressed an identical § 1983 claim to the one asserted here. There, Plaintiffs alleged that Miami Beach police officer Adam Tavvs shot and killed Husien Shehada after Tavvs mistakenly thought that Shehada was reaching for a gun during a confrontation on Washington Avenue in South Beach. Shehada's estate sued the City of Miami Beach alleging, *inter alia*, that the City had not adequately investigated and punished an almost identical list of prior internal affairs complaints as the one alleged by Plaintiff here.

The *Shehada* court, granting summary judgment on the estate's § 1983 failure-to-investigate claim against the City, set forth the legal standard that a plaintiff must reach for this claim to survive. First, like all plaintiffs, a § 1983 plaintiff must produce admissible evidence. *Id*. The court then set forth the two elements that are unique to a § 1983 failure-to-investigate claim:

> Second, many of the alleged incidents bear little to no factual similarity to the instant case. Few involved the use of firearms, and not all even occurred in the course of an investigatory stop or emergency response. One was simply an altercation between an individual and an off-duty police officer. Third and perhaps most significantly, Plaintiffs ignore that each complaint was investigated by Internal Affairs, and that in each case Internal Affairs interviewed numerous witnesses and officers, collected

6

and analyzed physical evidence, and prepared exhaustive findings and conclusions.

*Id*.   Though the instant case is currently postured before the Court on a motion to dismiss, Judge Lenard's analysis of the elements that a plaintiff must eventually prove in order to survive a motion for summary judgment is instructive when considering whether the allegations of a complaint will plausibly establish those criteria.  *See Iqbal*, 129 S. Ct. at 1949 (A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

Here, the facts alleged by Plaintiff, even if proven, would not establish liability against the City under § 1983.  Plaintiff merely alleges fifteen incidents that the Miami Beach Police Department's Internal Affairs Unit investigated and that the investigations ended without substantiation of charges against the subject officers (or without substantiating the putatively <u>correct</u> charge).  These facts "do not permit the court to infer more than the mere possibility of misconduct, [so] the complaint has alleged - but it has not 'show[n]' - that the pleader is entitled to relief." *Id.* at 1950.  The mere fact that a set of internal affairs complaints ended without substantiation of charges is wholly insufficient to establish liability on the part of the City.  *See Shehada*, 2013 WL 4714049 *13.   Specifically, Plaintiff's factual allegations -- even if proven -- do not establish liability under *Shehada's* second and third criteria.

Applying the second prong of *Shehada's* analysis (which applies the controlling Supreme Court and Eleventh Circuit precedent discussed above), Plaintiff must first prove that the prior alleged incidents that he argues show an actionable widespread pattern are factually similar to the underlying facts of the instant case.  Like the *Shehada*

7

plaintiff, Pognon does not even allege (and, thus, cannot prove) that there is a widespread pattern of failing to investigate cases involving the use of deadly force in a situation where the officer mistakenly concludes that the subject is holding a gun. *Id*.

Pognon similarly does not allege that any complaint was not investigated by internal affairs, that in any case internal affairs investigators failed to interview all witnesses and officers, failed to collect and analyze physical evidence, or failed to prepare findings and conclusions for any case. The failure to prove these facts would be fatal to Plaintiff's § 1983 claim against the City under *Shehada's* application of controlling precedent. Plaintiff's failure to even allege these elements in his Amended Complaint is, independently, a basis to dismiss the claim because the mere fact that an allegation of misconduct was made in fifteen cases over a several year period and that the investigation of these claims ended without the discipline that Plaintiff would like to see is irrelevant. The relevant inquiry -- and thus the relevant standard for this motion to dismiss -- is whether or not the Miami Beach Police Department's internal affairs department interviewed witnesses, collected and analyzed evidence, and arrived at written conclusions and findings for each case. Plaintiff's failure to allege any facts relevant to this inquiry mandates dismissal of his claim.

**IV.     Plaintiff's Cited Authority Does Not Support His Position.**

In his response, Plaintiff cites decisional authority; the cited cases do not, however, support his arguments.

Plaintiff cites *Rivas v. Figueroa*, Case No.: 11-23195-CIV-SCOLA for the proposition that a Plaintiff need not allege prior <u>similar</u> incidents in order to survive the City's motion to dismiss his § 1983 deliberate indifference claim. *See* Resp. p. 6. The

8

district court decision in *Rivas* is, however, distinguishable.  There, the underlying claim was that officers had engaged in generalized excessive force by kicking and punching the plaintiffs and that the officers had violated the plaintiffs' First Amendment rights by seizing their mobile telephones in order to destroy their video recording of the officers' misconduct.  Comparing the underlying claim to the virtually identical list of prior claims of generalized excessive force as that alleged here and a separate list of prior alleged cases where officers were alleged to have similarly seized complainants' camera or telephone in order to destroy video evidence of alleged officer misconduct, Judge Scola found that the complaint adequately alleged prior incidents that were similar enough to make out a claim there was a pattern of alleged generalized excessive force and alleged destruction of evidence when officers were videotaped engaging in alleged misconduct.

*Rivas* is easily distinguishable. Plaintiff's Amended Complaint repeats a virtually identical list of generalized excessive force cases that Judge Scola found was similar enough to the *Rivas* plaintiffs' allegation of generalized excessive force in that underlying case to overcome a motion to dismiss that claim.   The underlying claim here is much different.  The Amended Complaint does not allege that Marvin Pognon was subjected to generalized excessive force like the *Rivas* plaintiffs.  Instead, Plaintiff alleges that Marvin Pognon was shot and killed when an officer "mistakenly believed him to be armed" when the officer responded to a melee at about 4:40 a.m. at a pizza shop on Washington Avenue on Miami Beach.  AC 9-11.  The allegations of prior excessive force and prior alleged instances of unlawful destruction of videotaped evidence that was similar enough in Rivas bears no relation whatsoever to the underlying claim here.  A list of prior alleged incidents that is held to be sufficiently similar in one case is not automatically sufficient

9

to overcome a motion to dismiss in every case and in this case the list is not similar to the underlying claim at all.

Plaintiff also cites *Depew v. City of St. Marys, Georgia*, 787 F.2d 1496 (11th Cir. 1986). *Depew* did not, however, hold that a City could be liable under § 1983 for conducting inadequate internal affairs investigations. *Depew* was an appeal from a jury verdict in favor of the plaintiff on his § 1983 claim against the City of St. Mary's where the testimony at trial showed that the City of St. Mary's had failed to investigate prior claims of police misconduct <u>at all</u>. In an opinion authored by U.S. District Court Judge C. Clyde Atkins, the court stated:

> Mr. Dyals, a council member since 1980 and former chairman of the police subcommittee, stated that he was unaware of <u>any investigation</u> or disciplinary measures regarding the Donini or Dixon matters. Similarly, when questioned about another incident involving David Chaney, he could not remember <u>any investigation</u> regarding the matter. *Id*. at 1498 (emphasis added).

Additionally, *Depew* was decided under the more lenient pleading standards applicable in federal court before *Iqbal* and *Twombly*.

## **CONCLUSION**

For the foregoing reasons, Plaintiff's amended complaint should be dismissed.

                                                              CITY OF MIAMI BEACH
                                                              1700 CONVENTION CENTER DRIVE
                                                              4TH FLOOR-LEGAL DEPARTMENT
                                                              MIAMI BEACH, FLORIDA 33139
                                                              TELEPHONE: (305) 673-7470
                                                              FACSIMILE:   (305) 673-7002
                                                              robertrosenwald@miamibeachfl.gov

                                                              BY:  <u>s/Robert F. Rosenwald   </u>
                                                              ROBERT F. ROSENWALD
                                                              SR. ASSISTANT CITY ATTORNEY
                                                              FL BAR NO. 0190039

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this 21st day of February, 2014, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

s/Robert Rosenwald
ROBERT F. ROSENWALD, JR.

## **SERVICE LIST**
*Conze. v. City of Miami Beach*
*Case No. 14-cv-20337-MGC*

Kertch J. Conze, Esq.
Law Offices of Kertch Conze, P.A.
Suite 402
3600 Red Road
Miramar, FL 33025
954-342-9044
Fax: 954-342-9108
Email: conzelaw@aol.com

Counsel for Plaintiff

*VIA: CM-ECF*